ARW:md

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23173-CIV-SEITZ

UNITED STATES OF AMERICA,

Plaintiff,

v.

CERTAIN ASSETS OWNED IN WHOLE
OR IN PART BY ABRAHAM RYDZ INCLUDING
(1) COMMERCIAL REAL PROPERTY OWNED BY ONE STOP PROPERTIES LOCATED AT 1161-1171 FLAGLER STREET, MIAMI, FLORIDA;
(2) RESIDENTIAL REAL PROPERTY OWNED BY ONE STOP PROPERTIES;
(3) ACCOUNT # xxxx9505 AT OCEAN BANK IN THE NAME OF ONE STOP PROPERTIES;
(4) PROFITS GENERATED BY ONE STOP PROPERTIES BELIEVED TO BE CONTAINED IN BANK OF AMERICA ACCOUNT;
(5) ACCOUNT NUMBER 0606111041-05 AT OCEAN BANK IN THE NAME OF TROPICAL TEXTILE;
(6) ACCOUNT NUMBER # 0100276332-05 AT OCEAN BANK IN THE NAME OF TROPICAL TEXTILE;
(7) ACCOUNT NUMBER 0230-552 876 AT THE UNION BANK OF SWITZERLAND IN THE NAME OF ROLOMAR FOUNDATION;
(8) ACCOUNT NUMBER136351406 AT OCEAN BANK;
(9) ACCOUNT NUMBER 60616333528 AT OCEAN BANK;
(10) ACCOUNT NUMBER 60616333529 AT OCEAN BANK;
(11) ACCOUNT NUMBER 60616333530 AT OCEAN BANK;
(12) ACCOUNT NUMBER 60616333531 AT OCEAN BANK;
(13) ACCOUNT NUMBER 60615864163 AT OCEAN BANK;
(14) ACCOUNT NUMBER 60611100905 AT OCEAN BANK;
(15) ACCOUNT NUMBER 020211760610 AT UNION PLANTERS' BANK;
(16) ACCOUNT NUMBER 2090002381418 AT FIRST UNION NATIONAL BANK; and
(17) ACCOUNTS IN DOMINICAN REPUBLIC.

Defendants.

_____________________________________________/

# AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

PLAINTIFF, United States of America, hereby files this amended verified civil complaint for forfeiture *in rem* and states as follows:

1. This is a civil action for forfeiture *in rem* of Certain Assets Owned In Whole Or In Part By Abraham Rydz, hereinafter "the defendants" or "the defendant property."

2. Forfeiture of the defendants is sought as the defendants constitute proceeds or were acquired with proceeds traceable to a violation(s) of 18 U.S.C. §1955 and are therefore forfeitable pursuant to the provisions of 18 U.S.C. §981(a)(1)(C).

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1345 and 1355.

4. Venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1395, as the defendants, with the exception of the Swiss Bank account and the undetermined Dominican Republic accounts, and located in the Southern District of Florida and will remain in this district's control throughout the pendency of this action; and/or pursuant to 28 U.S.C. §§1355(b) and 1355(d), because certain acts or omissions giving rise to the forfeiture occurred in the District.

5. Not all of the assets are in the control of the United States. The United States therefore requests the issuance of warrants of arrest *in rem* for the defendants which constitute personal property and summons *in rem* for the defendants which constitute real property.

## FACTUAL ALLEGATIONS

6. "The Corporation" is a criminal organization structured as a hybrid between a modern corporate business and the traditional Mafia organization. In the mid 1960's "The

Corporation" was established by JOSE MIGUELBATTLE with the sponsorship of Santos Traficante, the Mafia Crime Boss of Florida, and began operations in New York City and Union City, New Jersey, operating under and paying tribute to the American Mafia five families.

7. "The Corporation" originally began operating in the area of illegal gambling lottery operations called Bolita, Numbers or Policy. "The Corporation" quickly began to make tens of millions of dollars annually, eventually expanding into illegal sports bookmaking and the operation of illegal traditional and video slot machines. By the early 1970's, "The Corporation" had become a major force in organized crime, expanding its operations into South Florida and into the importation of cocaine. "The Corporation" has since been involved in illegal gambling (lottery & bookmaking), arsons, homicides, narcotic trafficking, and money laundering.

8. BATTLE JR. and RYDZ were high ranking members of "The Corporation."

9. On March 16, 2004, JOSE MIGUEL BATTLE, JOSE MIGUEL BATTLE JR., MANUEL MARQUEZ and ABRAHAM RYDZ, among others, were charged with RICO conspiracy and Money Laundering in Case No. 04-20159-CR-GOLD (S.D. Fla).

10. On June 21, 2004, RYDZ pled guilty to both counts of the aforementioned indictment and agreed to co-operate with the United States in the prosecution of BATTLE JR. and other co-defendants. As part of this plea agreement RYDZ agreed "to immediately and voluntarily forfeit to the United States all right, title and interest in all real and personal properties, wherever located..."

11. Specifically, the agreement annotated RYDZ's forfeitable assets to "include but not limited

to: (1) his right, title and interest "One Stop Properties" and "Tropical Textile Corporation" as well as his right title and interest in the profits generated by or in "One Stop Properties" and "Tropical Textile Corporation;" (2) account(s) in Switzerland; and (3) account(s) in the Dominican Republic."

12. On April 3, 2006, RYDZ signed a "CONSENT TO FORFEITURE" document, which was witnessed by one of his Attorneys of Record, Linda Lopez. In the document RYDZ acknowledged that (1) he was the owner of the listed property; (2) that the property was acquired with the proceeds of or traceable to illegal gambling; and (3) that he consented to the forfeiture of the property to the United States of America. The property listed in the "CONSENT" were the following properties and assets:

1. "One Stop Properties" including the land at 1161-71 Flagler Street, ONE STOP PROPERTIES, Vacant Land, ONE STOP PROPERTIES LAWRENCE ESTATES LAND COS SUB PB 2-46 E 50 FT LOTS 8 and 9 BLK 14 SIZE 50.000 X 100 OR 14872-2524, 0191 5 of Miami-Dade County, Florida and bank accounts;

2. "Tropical Textile Corporation" including Ocean Bank # 066011392 Account # 0606111041-05 (TROPICAL TEXTILE CORP.) and Ocean Bank # 066011392 Account # 0100276332-05;

3. Contents of account numbers 0240-00.564.209 and 0240-00.564.210 at the Union Bank of Switzerland;

4. Ocean Bank # 066011392 Account # 136351406(Rydz);

5. Ocean Bank # 066011392 Account # 60616333528 (Rydz);

6. Ocean Bank # 066011392 Account # 60616333529 (Rydz);

7. Ocean Bank # 066011392 Account # 60616333530 (Rydz);

8. Ocean Bank # 066011392 Account # 60616333531 (Rydz);

9. Ocean Bank # 066011392 Account # 60615864163 (Rydz);

10. Ocean Bank # 066011392 Account # 611100905 (MARIA MODAS INC.);

11. Union Planters' Bank Account # 020211760610 (MARIA MODAS INC.);

12. First Union National Bank # 067006432 Account # 2090002381418 (MARIA MODAS INC.).

13. During the numerous debriefings of RYDZ by federal agents and his testimony in federal court, Case No. 04-20159-CR-GOLD, RYDZ confirmed that he was a full partner with JOSE MIGUEL BATTLE, SR. hereinafter BATTLE and his son BATTLE JR. in the illegal gambling organization known as the "CORPORATION." RYDZ stated unequivocally that all of the money and real property that the three of them possessed originated from their illegal association with the "Corporation." RYDZ also stated that all of the businesses and/or corporations that he and BATTLE JR. owned an interest in, the money which enabled them to own these businesses and/or corporations originally came from profits of the illegal gambling empire known as the "Corporation."

14. RYDZ, in numerous debriefings and in his testimony in federal court, stated that, beginning in the early 1980's, RYDZ, BATTLE JR., BATTLE and MARQUEZ began to have large sums of United States currency body carried to Panama and Venezuela.

15. A portion of the aforementioned body carried currency was deposited into an account at the Union Bank of Switzerland, which had a branch in Venezuela. In subsequent years, further

profits from the illegal gambling operations in New York were transported directly to Switzerland to be deposited in the numbered accounts of BATTLE JR. and RYDZ including defendant (7), above.

16. ONE STOP PROPERTIES, INC., hereinafter ONE STOP, was originally formed on September 18, 1990. The original officers of ONE STOP were BATTLE JR., RYDZ, YORAM IZHAK and MORDEHAY TAKO. BATTLE JR. and RYDZ took over ownership of ONE STOP along with their wives, MARIA BATTLE and MARGARET RYDZ.

17. Grace Gomez Battle, wife of BATTLE JR. has been managing ONE STOP since in or about March 2004.

18. Profits from the on-going operation of ONE STOP are on deposit at a Bank of America account maintained by Grace Gomez Battle.

19. RYDZ's wife, Margaret, died on or about June 5, 2005.

20. On June 19, 2007, RYDZ died.

**CLAIM FOR FORFEITURE**
**(ILLEGAL GAMBLING PROCEEDS)**

21. Plaintiff realleges paragraphs 5 through 20, above as if fully set forth herein.

22. Title 18, United States Code, Section 1955(a) subjects to fine or imprisonment anyone who "conducts, finances, manages, supervises, directs or owns all or part of an illegal gambling business."

23. Title 18, United States Code, Section 1955(d) subjects to forfeiture, "[a]ny property, including money, used in violation of the provisions of this section..."

24. Title 18, United States Code, Section § 981(a)(1)(C) subjects to forfeiture, "[a]ny property,

real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

25. Title 18, United States Code, Section 1956(c)(7) states "the term 'specified unlawful activity' means (A) any act or activity constituting an offense listed in section 1961(1) of this title..."

26. Title 18, United States Code, Section 1961(1) includes 18 U.S.C. §1955 as a racketeering offense.

27. Title 18, United States Code, Section 1955 is an offense constituting "specified unlawful activity."

28. Property derived from a violation of 18 U.S.C. §1955 is forfeitable pursuant both to 18 U.S.C. §1955(d) and to 18 U.S.C. §981(a)(1)(C).

29. The defendants constitute proceeds or were traceable to proceeds acquired in violation of 18 U.S.C. § 1955, and are thereby forfeit to the United States pursuant to 18 U.S.C. §981(a)(1)(C).

30. Additionally, the defendants are forfeit to the United States pursuant to 18 U.S.C. §1955(d) because the defendant properties were used in violation of 18 U.S.C. §1955.

## CONCLUSION

**WHEREFORE**, Plaintiff, United States of America requests, that the Court issue warrants of arrest *in rem* and/or summons *in rem* for the defendants, that any and all persons having any claim to the defendants be directed to file and serve their verified claims and answers as required by Rule G(5), of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, or suffer default thereof, and further requests that the Court declare the defendants condemned and

forfeit to the United States of America, and that Plaintiff have such other and further relief as may be just and proper together with the costs and disbursements of this action.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: */s/ Arimentha R. Walkins*
ARIMENTHA R. WALKINS
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 0897787
99 N.E. 4th Street - 7th Floor
Miami, Florida 33132
Telephone: (305) 961-9091
Fax: (305) 536-7599
Arimentha.Walkins@usdoj.gov

**VERIFICATION**

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Amended Complaint for Forfeiture In Rem and state that the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed this 20 day of September, 2010.

SANTIAGO AQUINO, Special Agent
INTERNAL REVENUE SERVICE